O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMILIO GAEL PEREZ BUENO,<br><br>Petitioner,<br><br>v.<br><br>JAMES JANECKA et al.,<br><br>Respondents. | Case No. 5:25-cv-03376-CAS-BFM<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

## I.   INTRODUCTION

On January 26, 2026, United States Magistrate Judge Brianna Fuller Mircheff (the "Magistrate Judge") issued a Report and Recommendation granting petitioner Emilio Gael Perez Bueno's ("Petitioner") petition for a writ of habeas corpus. Dkt. 8 ("R&R"). On January 29, 2026, Petitioner filed a statement of no objections. Dkt. 10. On February 3, 2026, Respondents filed their objection to the R&R. Dkt. 11 (the "Objection" or "Obj.").

Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b), the Court has reviewed the records and files herein, the R&R of the Magistrate Judge, and Respondents' Objection thereto. Having completed its *de novo* review of the

1

portions of the R&R to which Respondents' Objection was directed, the Court accepts the report, findings, and recommendations of the Magistrate Judge.

## II.    BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States without inspection near Lukeville, Arizona, on March 14, 2024.  Dkt. 6, Ex. 3, Form I-213.  On March 15, 2024, the Department of Homeland Security ("DHS") released Petitioner on his own recognizance pursuant to section 236 of the Immigration and Nationality Act ("INA").  Id. Ex. 1, Form I-220A.  His release was subject to reporting requirements.  Id.

On August 27, 2024, Respondents served Petitioner with a Notice to Appear, charging him as a noncitizen present in the United States without admission or parole and as inadmissible under INA section 212(a)(6)(A)(i).  Dkt. 1 ("Pet.") Ex. C.  While in removal proceedings, Petitioner applied for asylum.  Pet. ¶ 27. On July 7, 2025, an immigration judge denied Petitioner's asylum claims and ordered his removal to Mexico.  Id. ¶ 28, Ex. B; Dkt. 6, Ex. 3.  Petitioner appealed the immigration judge's decision to the Board of Immigration Appeal, and the administrative appeal remains pending.  Id. ¶ 29, Ex. D; Dkt. 6, Ex. 3.

On November 14, 2025, Petitioner appeared for a scheduled appointment at an ICE office in San Bernardino, where he was taken into ICE custody.  Dkt. 6, Ex. 3.  According to Respondents, Petitioner committed 16 violations of his supervision program.  Id.  According to Petitioner, the alleged "violations" were the result of technical issues with the mobile app used to check-in with the officer handling his case.  Dkt. 7 at 12.  Petitioner states under penalty of perjury that whenever he became aware of the issues, he would communicate with the officer and provide an alternative method of checking in.  Id.  According to Petitioner, the officer acknowledged that there were issues with the app affecting other noncitizens on his caseload.  Id.

Petitioner has not received a bond hearing or any other hearing concerning his detention since he was detained on November 14, 2026. Id. at 2.

Petitioner filed a petition for writ of habeas corpus on December 13, 2025. Pet. Petitioner alleges that his detention violates substantive due process and procedural due process, and that Respondents' denial of a bond hearing to him violates the INA and its implementing regulations. Pet. ¶¶ 74-99.

Respondents concede that Petitioner is entitled to a bond hearing pursuant to the judgment in Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *12 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025) (hereafter, "Bautista"). Dkt. 6 at 5-6.

On January 26, 2026, the Magistrate Judge issued the instant R&R, finding that Petitioner's detention violates due process, and recommending that the Court enter an order that he be released and that he not be re-detained without a pre-deprivation hearing. R&R at 2-3.

## III. LEGAL STANDARD

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also United States v.

Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise.").  Where no objection has been made, arguments challenging a finding are deemed waived. See 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").  Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge."  Chith v. Haynes, No. C18-5342 BHS, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

## IV.    DISCUSSION

Respondents argue that the R&R errs in finding that immediate release is justified by deficiencies in Petitioner's detention without a pre-detention hearing. Obj. at 3.  Respondents contend that the government has very broad authority to revoke supervised release that it has granted, and that the statutes and regulations provide some opportunity for a detainee to respond to the reasons for revocations but do not contemplate a pre-detention hearing.  Id. (citing 8 C.F.R. 241.4(l)(2)(i), (iv); 8 U.S.C. § 1231).  Respondents argue that 8 U.S.C. § 1226(a) provides DHS discretionary authority to arrest and detain a noncitizen pending removal proceedings.  Id.  Respondents argue that this statute does not require advance notice or a pre-detention hearing, and that due process in the 8 U.S.C. § 1226(a) context is satisfied through post-detention custody review, including the opportunity to seek a bond hearing before an immigration judge.  Id. (citing Demore v. Kim, 538 U.S. 510, 523 (2003); Prieto-Romero v. Clark, 534 F.3d 1053, 1063 (9th Cir. 2008)).  Respondents argue that the record reflects that Petitioner has sixteen violations of the conditions of his release, and that Petitioner's release document expressly warned that failure to comply with

reporting obligations could result in revocation of release and re-arrest.  Id. at 4 (citing Dkt. 6, Ex. 1, Ex. 2).  Therefore, Respondents argue that DHS merely exercised its continuing statutory authority to re-detain Petitioner under the Immigration and Nationality Act.  Id.

Respondents maintain that Petitioner appears to be a member of the Bond Eligible Class certified in Bautista.  Obj. at 4.[1]  However, Respondents argue that Bautista does not authorize immediate release.  Id.  Instead, Respondents argue that Petitioner is only entitled to an order requiring a bond hearing pursuant to the Bautista judgment.  Id.

The Court agrees with the Magistrate Judge's recommendation that an order of Petitioner's immediate release is the appropriate remedy in this case.  R&R at 14.  Respondents' Objection fails to recognize that the Due Process Clause of the Constitution may require greater procedural protections than a statutory or regulatory scheme provides when freedom from imprisonment is at stake. Zadvydas v. Davis, 533 U.S. 678, 690 (2001) ("[G]overnment detention violates [the Due Process] Clause unless the detention is ordered in a *criminal* proceeding with adequate procedural protections, or, in certain special and 'narrow' nonpunitive 'circumstances,' where a special justification, such as harm-threatening mental illness, outweighs the 'individual's constitutionally protected interest in avoiding physical restraint.'") (internal citations omitted).

While the Ninth Circuit concluded that a post-detention bond hearing generally satisfies due process for the detention of a noncitizen pending removal proceedings pursuant to 8 U.S.C. § 1226(a), it did not foreclose "as-applied due process challenges to § 1226(a)."  Rodriguez Diaz v. Garland, 53 F.4th 1189, 1214

---

[1] Despite this position, to date, it does not appear that Respondents have provided Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) and the judgment in Bautista.

(9th Cir. 2022). Here, Petitioner was released from civil immigration detention after his initial apprehension and is now re-detained. Therefore, the Court considers whether, in this specific context, a post-detention bond hearing is constitutionally adequate. See Zinermon v. Burch, 494 U.S. 113, 127 (1990) ("Due process [] is a flexible concept that varies with the particular situation.").

To determine what procedures are constitutionally sufficient to protect a liberty interest, the Court applies the three-part test established in Mathews v. Eldridge, 424 U.S. 319 (1976). See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (applying Mathews in immigration detention context).

The Court agrees with the Magistrate Judge's finding on the first Mathews factor that Petitioner's liberty interest at stake here is significant. R&R at 8. While the government may have "the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody, she has a protected liberty interest in remaining out of custody." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); see also Ortega v. Bonnar, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does Petitioner have a liberty interest in remaining out of custody on bond."). Respondents do not appear to object to this finding. Instead, Respondents object to the Magistrate Judge's finding that "there is a significant risk that the government will erroneously deprive [Petitioner] of that liberty interest if it does not provide him with a pre-deprivation hearing." R&R at 9.

The Court finds that the risk of erroneous deprivation of liberty is high absent the procedural safeguard of a pre-deprivation hearing before a neutral decisionmaker to determine whether Petitioner's detention bears a reasonable relation to the authorized statutory purposes of civil immigration detention: to ensure appearance at future immigration proceedings or to prevent danger to the

6

community.  Zadvydas, 533 U.S. at 693-94.  The Court finds that DHS's initial decision to release Petitioner on March 15, 2024, dkt. 6, Ex. 1, reflects a determination that Petitioner was neither a flight risk nor a danger to the community at that time.  See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) ("As ICE was not authorized to release [Petitioner] if she was a danger to the community or a flight risk, the Court must infer from [Petitioner's] release that ICE determined she was neither."); Noori v. LaRose, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *13 (S.D. Cal. Oct. 1, 2025) ("In general '[r]elease reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.'") (quoting Saravia v. Sessions, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), aff'd sub nom. Saravia for A.H. v. Sessions, 905 F.3d 1137 (9th Cir. 2018).  Indeed, Petitioner contends, and the Court agrees, that in light of Petitioner's subsequent compliance and check-ins, his alleged "technical violations" of reporting requirements do not demonstrate that he is a flight risk. Dkt. 7 at 10.  To the extent that Respondents dispute this conclusion, such an argument can be made to a neutral decisionmaker in a pre-deprivation hearing. "That the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process."  E.A. T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025) (citing Guillermo M. R. v. Kaiser, 791 F. Supp. 3d 1021, 1037-38 (N.D. Cal. 2025)).

Finally, the Court also agrees with the Magistrate Judge's finding that the third Mathews factor supports a pre-deprivation notice and hearing in this case. R&R at 11-14.  Respondents have not demonstrated that Petitioner's detention serves either to prevent flight or a danger to the community.  See Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017) ("As to the third factor, the government has no legitimate interest in detaining individuals who have been

determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."). "Nor can the government suggest that the cost of providing such protections would be fiscally or administratively onerous." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1036 (N.D. Cal. 2025). "In immigration court, custody hearings are routine and impose a 'minimal' cost." Singh v. Andrews, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025). "The government's interest is further diminished where a person 'has consistently appeared for [his] immigration hearings ... and [ ] does not have a criminal record." Id. (citation omitted).

In sum, the Court agrees with the Magistrate Judge's recommendation to grant Petitioner's petition for a writ of habeas corpus, ordering that Petitioner be released from immigration detention and that he not be re-detained without a pre-deprivation hearing.

## V. CONCLUSION

Having completed its review, the Court accepts and adopts the findings and recommendations set forth in the R&R.  Accordingly, IT IS ORDERED that:

1. Claim Two in the Petition is granted.

2. Respondents shall effectuate Petitioner's release from immigration detention within one (1) day of this Order;

3. Respondents shall not re-detain Petitioner absent compliance with constitutional protections, which include, at a minimum, a pre-deprivation hearing, at which his entitlement to bond is considered under § 1226(a), and not § 1225;

4. Respondents shall file a status report within two (2) business days of this Order confirming their compliance with this Order.

///

///

8

5.  The remaining claims in the Petition are denied as moot, in light of the relief granted on Claim Two.

Dated: February 5, 2026

_Christina A. Snyder_
HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE